No. 96-1032

United States of America,             *
                                      *
    Plaintiff/Appellee,           *
                                      *   Appeal from the United States
    v.                            *   District Court for the
                                      *   District of South Dakota
Gerald Greger,                        *
                                      *
    Defendant/Appellant.          *

Submitted:   May 13, 1996

Filed:   October 24, 1996

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

Gerald Greger, a resident of Wagner, South Dakota, was charged under 18 U.S.C. § 2243(a) with having a sexual relationship with a minor more than four years younger than he.  Greger pled guilty but reserved the right to appeal the issue of federal jurisdiction.  The district court[1] sentenced him to eighteen months imprisonment, and he appealed from the judgment.  We affirm.

Greger argues that the federal courts lack jurisdiction in this case because the town of Wagner is not located within the Yankton Sioux Indian Reservation and is not in Indian country.  Although Wagner is within the Yankton reservation boundaries

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

established by treaty in 1858, 11 Stat. 743, Greger argues that the tribe ceded jurisdiction over it and other parts of the reservation in an agreement with the United States negotiated in 1892 and ratified by Congress in 1894.  28 Stat. 286, 314.  The United States responds that the 1858 treaty boundaries continue in force.

In <u>Yankton Sioux Tribe v. Southern Missouri Waste Management District</u>, No. 95-2647, also filed today, we conclude for the reasons detailed there that the Yankton reservation remains defined by the boundaries established in 1858.  Greger's jurisdictional argument is no different from those presented in that case, and Wagner thus remains in Indian Country as defined by 18 U.S.C. § 1151.  There is federal jurisdiction.

Greger also attempts to appeal the restitution ordered by the court requiring him to pay $1,800 to the young woman with whom he was involved and who became pregnant as a result.  He argues that under 18 U.S.C. §§ 3663 and 3664, any restitution award must be based on evidence of loss to the victim, that no such evidence of loss was produced, that the victim refused to seek restitution, and that restitution was unnecessary because the victim has access to health care through the state and can seek child support in tribal or state court.  He also complains that he was denied due process because he was not informed before sentencing that the court might impose restitution or about any evidence of loss to the victim.

The United States argues that Greger waived his right to appeal all issues other than jurisdiction when he pled guilty and that he did not object to the restitution order at sentencing.  Greger does not dispute that he acknowledged at the change of plea hearing that he would not be able to appeal from the sentence imposed by the court.  So long as the sentence is not in conflict with the negotiated agreement, a knowing and voluntary waiver of the right to appeal from a sentence will be enforced. <u>United States v. Rutan</u>, 956 F.2d 827, 829-30 (8th Cir. 1992).

Greger claims that the sentence was in conflict with the plea agreement because that agreement was implicitly negotiated with the understanding that the sentencing hearing would be conducted according to law. He contends that the hearing did not comply with the procedural safeguards in 18 U.S.C. § 3664 and that he should therefore be permitted to appeal the restitution.

The record shows that Greger knowingly and intelligently waived his right to appeal all issues other than jurisdiction. The waiver was included in the plea agreement and discussed at some length at the change of plea hearing. At the sentencing hearing the court pronounced the sentence including restitution without objection from Greger or his attorney, and also reviewed his waiver of the right to appeal and asked him if he understood. Greger responded affirmatively. Since Greger knowingly and voluntarily waived his right to appeal any issue other than jurisdiction, we need not consider the merits of his arguments about restitution. <u>Rutan</u>, 956 F.2d at 829.[2]

Accordingly, the judgment of the district court is affirmed.

MAGILL, Circuit Judge, dissenting.

I respectfully dissent. For the reasons stated in my dissent in <u>Yankton Sioux Tribe v. South Dakota</u>, No. 95-2647, I believe that the Yankton Sioux Reservation was diminished by the Act of August 15, 1894, 28 Stat. 314. Because the reservation was diminished,

_____

[2]Greger has not shown he would prevail on these issues in any event. He had notice restitution was likely; the Presentence Investigation Report stated that restitution was mandatory under 18 U.S.C. § 2248 and that the court would have to determine the amount of the loss because the victim refused to seek restitution. Section 2248 is a mandatory restitution statute and applicable to his case so his arguments regarding discretionary restitution under 18 U.S.C. §§ 3663 and 3664 are not persuasive. Moreover, an award of $1,800, with monthly payments of $50, appears reasonable under the circumstances. <u>See</u> <u>id.</u> §§ 2248(b)(3), (b)(4)(B).

-3-

there was no federal jurisdiction over this matter, and Greger's conviction should be vacated.  Accordingly, I would reverse the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.