**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-3285

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Clayton High Wolf, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 6, 1998
Filed: March 19, 1998
_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Pursuant to a written plea agreement, Clayton High Wolf pleaded guilty to Count I of an indictment charging him with distributing marijuana and possessing it with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The agreement stated as relevant the following:

> Waiver of Defenses and Appeal Rights: Defendant hereby waives any right to appeal any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution, and the Court's entry of judgment against defendant and imposition of sentence, including sentence appeals under

18 U.S.C. § 3742. Both the defendant and the United States reserve the right to appeal a departure from the applicable guideline range.

Using a base offense level of 26, the district court[1] granted the government's downward departure motion under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997), and sentenced High Wolf to 30 months imprisonment and two years supervised release. High Wolf now appeals, challenging the calculation of his base offense level.

We conclude that High Wolf waived his right to appeal his sentence, because the waiver language in the plea agreement is clear; the appeal waiver was again brought to his attention at the conclusion of the sentencing hearing, with no objection or question from High Wolf; and High Wolf does not maintain on appeal that his waiver was made unknowingly or involuntarily. See United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) (defendant who pleads guilty and expressly waives statutory right to raise objections to sentence may not appeal sentence that was part of plea agreement, so long as waiver results from knowing and voluntary decision to forego right to appeal). Although High Wolf argues that he has the right to appeal his sentence because the plea agreement did not contain an agreed-upon sentence or Guidelines range, the court sentenced him in accordance with the negotiated agreement, which provided that the government would not oppose his request for a particular sentence, that the parties did not agree on his criminal history category, and that the government would "assert" his base offense level was 26, all of which was not binding on the court; nevertheless, High Wolf still agreed to waive any objections or challenges to his sentence (other than departures). See United States v. Greger, 98 F.3d 1080, 1081 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced).

---

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

Accordingly, specifically enforcing High Wolf's promise not to appeal, we dismiss this appeal.  See United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam) (promise made in plea agreement is binding on defendant).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.