# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3886

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kimberly Sue Peterson, also known | * | [UNPUBLISHED] |
| as Kimberly Sue Emmans, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 2, 1999

Filed: March 5, 1999

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Kimberly Sue Peterson appeals from the sentence imposed by the district court[1] after she pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341; bankruptcy fraud, in violation of 18 U.S.C. § 157; and obstructing and impeding the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a). The district court sentenced Peterson to 55 months' imprisonment and three years' supervised release. This

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

appeal followed. After appellate counsel moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), we granted Peterson permission to file a pro se supplemental brief, but she has not done so. As we conclude Peterson knowingly waived her right to appeal her sentence, we dismiss this appeal.

In her written plea agreement, Peterson agreed to "waive[] her right to appeal or to contest, directly or indirectly, the Court's sentence unless the sentence represents an upward departure from" a Guidelines imprisonment range of 46-57 months.

A defendant may waive her right to appeal; however, the waiver "must be the result of a knowing and voluntary decision." <u>United States v. Michelsen</u>, 141 F.3d 867, 871 (8th Cir.), <u>cert. denied</u>, 119 S. Ct. 363 (1998). We conclude that Peterson waived her right to bring this appeal, as the waiver language in the plea agreement is clear; at the change-of-plea hearing, Peterson acknowledged she understood she was waiving her right to appeal; Peterson does not maintain on appeal that her waiver was made unknowingly or involuntarily; and Peterson's 55-month sentence does not "represent[] an upward departure from" the stipulated Guidelines range. <u>See</u> <u>United States v. Greger</u>, 98 F.3d 1080, 1081-82 (8th Cir. 1996); <u>United States v. Rutan</u>, 956 F.2d 827, 829-30 & n.3 (8th Cir. 1992).

Accordingly, we now specifically enforce Peterson's promise not to appeal by dismissing the appeal. <u>See</u> <u>United States v. His Law</u>, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-