# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2834

_____

United States of America,

        Appellee,

v.

George Piper,

        Appellant.

\*    Appeal from the United States
\*    District Court for the
\*    Eastern District of Missouri.
\*    [UNPUBLISHED]

_____

Submitted: July 17, 2000
Filed: July 21, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

George Piper challenges the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. His counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although we granted Piper permission to file a pro se supplemental brief, he has not done so.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

As part of his plea agreement, Piper waived his right to appeal his sentence unless the district court departed upward from the Guidelines range. We conclude that this waiver was knowing and voluntary. Among other things, Piper was assisted by counsel at the change-of-plea and sentencing hearings; the court questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood he was waiving his right to appeal as part of the plea bargain, and then reminded him of the appeal waiver at sentencing; and the plea agreement and the presentence report advised him of the mandatory minimum penalty. See United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision), cert. denied, 525 U.S. 942 (1998); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; waiver was knowing and intelligent where it was included in plea agreement, it was discussed at change-of-plea hearing, and court reviewed waiver of right to appeal at sentencing).

Accordingly, because Piper's sentence was not an upward departure from the Guidelines range, we now specifically enforce his promise not to appeal by dismissing his appeal. See United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam). We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.