# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3223

_____

United States of America,       *
                                        *

          Appellee,        *

                                        *    Appeal from the United States

     v.                               *    District Court for the

                                        *    Eastern District of Missouri.

Howard Harris,                 *

                                          *       [UNPUBLISHED]

         Appellant.       *

_____

Submitted: August 7, 2000
Filed: August 11, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Howard Harris challenges the sentence imposed by the district court[1] after he pleaded guilty to a drug offense. His counsel has filed a brief and moved to withdraw pursuant to <u>Anders v. California,</u> 386 U.S. 738 (1967). Harris has filed a pro se supplemental brief and a motion to proceed pro se on appeal.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

As part of his plea agreement, Harris waived his right to appeal his sentence unless the district court departed upward from the Guidelines range. We conclude that this waiver was knowing and voluntary. Among other things, Harris was assisted by counsel at the change-of-plea and sentencing hearings; the court questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood he was waiving his right to appeal as part of the plea bargain, and then reminded him of the appeal waiver at sentencing; his sentence does not conflict with the plea agreement; and he was age 28, reported having earned a GED, and had prior experience with the criminal justice system. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant, such as age, education, and prior experience with criminal justice system, when assessing knowledge and voluntariness of decision), cert. denied, 525 U.S. 942 (1998); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; waiver was knowing and intelligent where it was included in plea agreement, discussed at change-of-plea hearing, and reviewed by court at sentencing).

Accordingly, because Harris's sentence was not an upward departure from the Guidelines range, we now specifically enforce his promise not to appeal by dismissing his appeal. See United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam). We also grant counsel's motion to withdraw, and deny the pending motion as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.