# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3299

_____

United States of America,   *
                            *
          Appellee,         *
                            *   Appeal from the United States
     v.                     *   District Court for the Western
                            *   District of Missouri.
Devon K. Stephenson, also known   *
as Ziggy,                   *   [UNPUBLISHED]
                            *
          Appellant.        *

_____

Submitted: April 19, 2001
Filed: April 24, 2001

_____

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Devon K. Stephenson challenges the sentence imposed by the District Court[1] after he pleaded guilty to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846 (1994), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1994 & Supp. IV 1998). His counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Although we granted Stephenson permission to file a pro se supplemental brief, he has not done so.

As part of his plea agreement, Stephenson waived his right to appeal his sentence on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Guidelines. We conclude that this waiver was knowing and voluntary. Among other things, Stephenson was assisted by counsel at the change-of-plea and sentencing hearings; the Court questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood he was waiving his right to appeal; the plea agreement and the presentence report advised him of the statutory minimum penalty; and his sentence of ninety months imprisonment represents a downward departure. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (holding that appeal waiver is enforceable so long as it resulted from knowing and voluntary decision), cert. denied, 525 U.S. 942 (1998); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (enforcing knowing and voluntary waiver of right to appeal sentence so long as sentence is not in conflict with negotiated plea agreement; waiver was knowing and intelligent where it was included in plea agreement and was discussed at change-of-plea hearing).

Accordingly, because Stephenson's sentence was not in conflict with the plea agreement, we now specifically enforce his promise not to appeal by dismissing his appeal. See United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam). We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-