# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2675MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the District |
| v. | * | of Minnesota. |
| | * | |
| Alberto Ramirez-Bandrich, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 31, 2001

Filed: June 8, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Alberto Ramirez-Bandrich pleaded guilty to reentering the United States illegally after previously having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The District Court[1] departed downward and sentenced Ramirez-Bandrich to three years and ten months (forty-six months) imprisonment and three years supervised release, and he appeals. His counsel has filed

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

a brief and has moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Although we granted Ramirez-Bandrich permission to file a pro se supplemental brief, he has not done so.

As part of his written plea agreement, Ramirez-Bandrich waived the right to appeal this sentence, and we conclude that the waiver was knowing and voluntary. Ramirez-Bandrich was assisted by counsel and an interpreter at the change-of-plea and sentencing hearings; the Court carefully questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood it; the Court advised him of the statutory maximum penalty; and his sentence was consistent with the plea agreement. See <u>United States v. Michelsen</u>, 141 F.3d 867, 871-72 (8th Cir.) (holding that appeal waiver is enforceable so long as it resulted from knowing and voluntary decision), <u>cert. denied</u>, 525 U.S. 942 (1998); <u>United States v. Greger</u>, 98 F.3d 1080, 1081-82 (8th Cir.1996) (enforcing knowing and voluntary waiver of right to appeal sentence so long as sentence is not in conflict with negotiated plea agreement; waiver was knowing and intelligent where it was included in plea agreement and was discussed at change-of-plea hearing).

Accordingly, because Ramirez-Bandrich's sentence was not in conflict with the plea agreement, we now specifically enforce his promise not to appeal by dismissing this appeal. See <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam). We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-