# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1272

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| John Robert Andis, also known as | * | District of Missouri. |
| Robert Andis, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: September 11, 2001
Filed: January 17, 2002

———————

Before MORRIS SHEPPARD ARNOLD and BRIGHT, Circuit Judges, and KYLE,[1]
District Judge.

———————

BRIGHT, Circuit Judge.

John R. Andis pleaded guilty to transporting a minor in interstate commerce for illegal sexual activity in violation of 18 U.S.C. § 2423(a), after agreeing with the government "to waive all rights to appeal whatever sentence is imposed . . . reserving only the right to appeal from an upward or downward departure." At the time that he pleaded guilty and at his sentencing hearing, Mr. Andis acknowledged the existence

———————

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

of this promise in his plea agreement. He now appeals from the conditions of supervised release that the district court[2] imposed on him at sentencing. Mr. Andis argues that the conditions of release were illegal because they are generic conditions imposed without regard to the specific characteristics of Mr. Andis or his offense. The United States contends that Mr. Andis waived his right to appeal the sentence imposed by the district court and the conditions were not illegally imposed. A majority of the panel determines that Mr. Andis could not waive his right to appeal an alleged illegal sentence.[3] A different majority remands the merits of Mr. Andis' claim for further consideration consistent with this opinion.[4]

## I. DISCUSSION

The United States would have this court adopt the new principle that if done so knowingly and voluntarily, a defendant can waive the right to appeal an *illegal* sentence imposed by the district court. A holding of this nature would contradict the reasoning of prior Eighth Circuit opinions and would create an unjust rule of law based on little, if any, precedent.

In United States v. Michelsen, 141 F.3d 867, 872 (8th Cir. 1998), we reasoned that the right to appeal an illegal sentence is "implicitly preserved" despite any

---

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[3]Judge Kyle, concurring in part and dissenting in part, agrees that Mr. Andis cannot waive his right to appeal an illegal sentence. Judge Kyle, however, would find that the conditions of release bear a reasonable relationship to the offense and characteristics of the defendant.

[4]Judge Morris Arnold, concurring in part and dissenting in part, agrees that the conditions of release imposed on Mr. Andis should be remanded for further consideration, but would hold that the panel does not have jurisdiction to reach that issue because Mr. Andis' waiver bars his appeal.

waiver. The government urges this court to limit <u>Michelsen</u>'s applicability to situations where a defendant is collaterally attacking his sentence under 28 U.S.C. § 2255. This contention has already been rejected by a recent Eighth Circuit case, <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000), in which we concluded: "As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." (citing <u>Latorre v. United States</u>, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999)).

After explaining that there was no need to distinguish between waiver of direct or collateral appellate rights, the court in <u>DeRoo</u> cited <u>Michelsen</u> for the proposition upon which Mr. Andis now relies. In <u>DeRoo</u>, the court explained that waivers of appeal in plea agreements "are not absolute. For example, defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement." 223 F.3d at 923 (citing <u>Michelsen</u>, 141 F.3d at 872).

We have repeatedly held that a defendant in a criminal case may waive his right to appeal if he does so knowingly and voluntarily. <u>See, e.g.</u>, <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (*per curiam*). Indeed, there are important policy concerns for strictly enforcing a defendant's waiver of appellate rights. The defendant gives up his statutory right to appeal in exchange for concessions from the government, such as recommending a lenient sentence. <u>See</u> <u>Michelson</u>, 141 F.3d at 873. Allowing a defendant to appeal his sentence forces the government to expend time and resources, which undermine the "bargained-for finality." <u>Id</u>.

Finality is certainly an incentive, but allowing a defendant to appeal an *illegal* sentence does not obviate the government's entire benefit. The government enters into plea bargaining with a defendant for a variety of reasons, not simply to avoid appeals. For example, plea bargaining provides the government with the benefit of

not having to prepare the case for trial, put on witnesses and evidence, prove each element of the offense to a fact-finder, and risk acquittal.

The sentencing judge is a third party, not bound by the contract reached between the defendant and the government through plea bargaining. The defendant and the government bargain with each other under the assumption that the judge will sentence the defendant within the prescribed parameters of the law. These parameters establish the framework for plea negotiations. Therefore, when a defendant reaches an agreement with the government to plead guilty and waive his right to appeal, he "does not subject himself to being sentenced entirely at the whim of the district court." See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (providing examples of sentences based on race or in excess of the maximum statutory penalty as examples of illegal sentences for which appellate review is not waived). The government and the defendant cannot bargain away the defendant's right to object to the future unlawful actions of a third party.

Turning to the merits, we determine that the district court exceeded its discretion by imposing conditions of release on Mr. Andis that may not bear a reasonable relationship to either the nature and circumstances of the offense or the history and characteristics of the defendant as required by 18 U.S.C. § 3583(c) and section 5D1.3(b) of the United States Sentencing Guidelines Manual.[5] See United

---

[5]Mr. Andis objects to five special conditions of release: (1) prohibition from contact with children under the age of 18 without prior written permission of the probation officer and immediate reporting to the probation officer of any unauthorized contact with children under the age of 18; (2) prohibition on engaging in any occupation, business or profession where he has access to children under the age of 18 without prior written approval of the probation officer; (3) prohibition on loitering within 100 feet of schools, parks, playgrounds, arcades or other places frequented by children; (4) submission to search of his person, residence, office or vehicle by a probation officer based upon reasonable suspicion of contraband or evidence of a violation of conditions of release; and (5) prohibition on the purchase

States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992) (explaining that the terms of supervised release must not involve a greater deprivation of liberty than is reasonably necessary to fulfill the goals of Congress and the Sentencing Commission). As this circuit noted in Prendergast, the conditions that restrict a probationer's freedom must be "especially fine tuned." Id. at 1293 (quoting United States v. Tolla, 781 F.2d 29, 34 (2d Cir. 1986)).

At sentencing the district court was exceedingly candid in explaining the process by which the conditions were imposed. "As I understand it, this is – these are standard conditions that the probation officers recommend to the Court in this building for this type of offense. And at this stage, I know of no judge who has refused to impose these restrictions." Based on this statement, it is clear that the court accepted certain standard conditions, some of which appear to have little or no relationship to the defendant. The district court did not carefully consider whether the conditions of release were "fine tuned" to the crime or the defendant's individual situation.[6]

A district court can use nonjudicial officers, such as probation officers, to support judicial functions, "*as long as a judicial officer retains and exercises ultimate responsibility*." See United States v. Kent, 209 F.3d 1073, 1078 (8th Cir. 2000) (quoting United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995)) (emphasis in original). The practice of district courts should not be to adopt the recommendations of the probation report without making specific and reasoned

---

or maintenance of a post office box or other type of private mailbox without written approval of the probation officer.

[6]The district court did respond to the defendant's objection to the conditions of release by commenting, "I think all of these restrictions are appropriate for the conduct this defendant was engaging in." However, the court offered no elaboration and did not specify how any of the special conditions applied to Mr. Andis' crime or individual characteristics.

determinations regarding the applicability of the special conditions of release. By their very nature "standard conditions of release," as recommended by the probation department and adopted by a district court, may not be sufficiently tailored to a given case.

## II. CONCLUSION

Because Mr. Andis' liberty interests may have been significantly curtailed without due consideration by the district court, we remand this case to the district court for further proceedings in determining which, if any, of the special conditions of release in question should be applied to Mr. Andis.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting in part and concurring in the judgment.

John R. Andis pleaded guilty to transporting a minor in interstate commerce for illegal sexual activity in violation of 18 U.S.C. § 2423(a), after agreeing with the government "to waive all rights to appeal whatever sentence is imposed ... reserving only the right to appeal from an upward or downward departure." At the time that he pleaded guilty and at his sentencing hearing, Mr. Andis acknowledged the existence of this promise in his plea agreement. He now appeals from the conditions of supervised release that the district court imposed on him at sentencing, asserting that they were illegal because they bear no reasonable relationship to his offense. Despite Mr. Andis's clear and unambiguous promise not to appeal his sentence, the court now entertains his appeal. I respectfully dissent.

We have held repeatedly that a defendant in a criminal case may waive his right to appeal if he does so knowingly and voluntarily. *See*, *e.g.*, *United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (*per curiam*); *United States v. Greger*, 98 F.3d 1080, 1081-82 (8th Cir. 1996). There is no evidence that Mr. Andis's consent

to the plea agreement in this case was not knowing or voluntary, and, indeed, he does not contend that it was not. He maintains, instead, that a defendant cannot waive the right to appeal an illegal sentence, and cites two cases of ours in support of this contention.

In *United States v. Michelsen*, 141 F.3d 867, 869 (8th Cir. 1998), *cert. denied*, 525 U.S. 942 (1998), we had under consideration a plea agreement that "waive[d] any right to raise and/or appeal ... concerning any and all ... defenses ... which defendant ... could assert ... to the ... imposition of sentence." In the course of our discussion, we noted that such a waiver would not "prevent a challenge under 28 U.S.C. § 2255 to an 'illegal sentence,' such as a sentence imposed in excess of the maximum penalty provided by statute or based upon a constitutionally impermissible factor such as race." *Id.* at 872 n.3. Presumably, this statement of principle was simply an acknowledgment that a promise not to appeal does not, as a matter of law, imply a promise not to engage in a collateral attack. We are not concerned here with a collateral attack, so the statement has no application, though I note that the plea agreement in the instant case also contains a waiver of "all rights to contest the ... sentence ... except for grounds of prosecutorial misconduct or ineffective assistance of counsel ... in any post-conviction proceeding [under] 28 U.S.C., Section 2255."

It is true that we also stated in *Michelsen*, 141 F.3d at 872, that the defendant in that case had "implicitly preserved his right to appeal on grounds that his sentence was illegal." In the first place, however, the statement is dictum because there was no claim in *Michelsen* that the sentence was illegal. In the second place, the agreement in *Michelsen* differed in an important way from the one under consideration here. The agreement here, as we have already noted, contains some explicit exceptions, and I think that the specific reservation of rights with respect to those negates the existence of any supposed general implicit exception for an illegal sentence, especially when the exceptions themselves deal with sentences contrary to law.

The other case to which Mr. Andis calls our attention is *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000), which relies on *Michelsen* for the proposition that "defendants cannot waive their right to appeal an illegal sentence." But this is not what *Michelsen* said: As I have already explained, *Michelsen* said that the defendant in that case *did* not as a matter of fact waive his right to appeal an illegal sentence, not that he *could* not as a matter of law. The statement in *DeRoo* is, in any case, dictum, because the defendant's argument there was that his waiver was not knowing and voluntary, *see* 223 F.3d at 923, not that his sentence was illegal.

In short, I see no obstacle to the enforcement of Mr. Andis's waiver of his right to appeal. I agree with the Fifth Circuit that "[w]hen a defendant waives her right to appeal, she gives up the very valuable right to correct a district court's unknown and unannounced sentence. After waiving her right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1993), *cert. denied*, 508 U.S. 956 (1993). As we have previously observed, plea agreements involve the exchange of sentencing concessions by the government for "an assurance that it would not be required to expend valuable time and resources" on appeal, *Michelsen*, 141 F.3d at 873. By allowing this appeal to proceed, the court "eliminate[s] one of the primary incentives the government has for negotiating plea agreements," *id.*

I nevertheless agree with Judge Bright, and for the reasons that he states, that the conditions imposed on Mr. Andis may well have been unreasonable and thus unauthorized by law. I therefore concur in the judgment of remand, even though I believe that this appeal is quite plainly barred by Mr. Andis's promise, because otherwise the court could not issue a mandate.

KYLE, District Judge, dissenting.

Although I agree with the decision insofar as it concludes that Andis did not waive his right to appeal what he now claims to be an illegal sentence, I respectfully dissent from the majority's determination that certain terms of supervised release may have been imposed by the District Court "without due consideration" and remanding the case for further proceedings.

Defendant Andis first met the juvenile victim on the Internet where, knowing that she was only 14 years old, he engaged in sexually explicit conversations with her. Andis then drove from Las Vegas to Missouri, where he picked up the juvenile at her home and returned her to Las Vegas, where they engaged in sexual intercourse on multiple occasions over the course of several days. He pleaded guilty to transporting a minor in interstate commerce for illegal sexual activity in violation of 18 U.S.C. § 2423(a).

At his sentencing hearing, counsel for Andis objected to the imposition of the five conditions of supervised release which are the subject of this appeal on the grounds that "those conditions are not reasonably related to the facts and circumstances of this case, or the history and characteristics of Mr. Andis, nor are they fine-tuned to the facts of this case. I think they are a great deprivation of his liberty and his ability to work." (Tr. at 23.)

The District Court responded to counsel's objections as follows:

"I think they [the conditions] are reasonably related to this particular offense.

\* \* \* \*

I don't think it's going to unduly impinge upon defendant's rights, other than those that he has violated, which have brought him into this circumstance.

* * * *

> I think all of these restrictions are appropriate for the conduct that this defendant was engaging in." (Tr. at 24.)

In light of this record, the majority concludes that "the district court did not carefully consider whether the conditions of release were 'fine tuned' to the crime or the defendant's individual situation." I do not read the sentencing transcript that way. The trial court had the recommendations of the probation office before it prior to sentencing. It did not adopt all of the recommended conditions as a mere "rubber stamp"; the sentencing judge rejected a recommended condition involving clothing. Upon specific objections by defense counsel, the sentencing judge stated that the imposed conditions were appropriate for defendant's conduct and reasonably related to the defendant's offense.

In my view, each of the objected to conditions is clearly related to the sexual misconduct of the Defendant; each is directed at permitting the probation office to effectively monitor Defendant's access to children under the age of 18. With the exception of the search of his person, residence, office or vehicle upon reasonable suspicion of contraband or evidence of a violation of a condition of release, the Defendant's activities are generally restricted only if carried on without the permission of the probation officer. The District Court considered and applied the principles enumerated in Prendergast and imposed conditions appropriate for the Defendant.

To remand the matter for reconsideration of the same record which was before the District Court (and is now before this Court), and to instruct the District Court to apply principles which were clearly known to and considered by the District Court in the first instance, avoids this Court's responsibility for the sentence to be imposed. If the majority is of the view that the imposed conditions are not appropriate for this

-10-

type of sexual misconduct,[7] it should say so and direct the District Court to delete those conditions.  The record is before us and we should either affirm the District Court or reverse with directions to eliminate the conditions found objectionable by the majority here.[8]  I would affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[7]Judge Bright states that the imposed conditions "may not bear a reasonable relationship to either the nature and circumstances of the offense or the history and characteristics of the defendant . . . ."  Judge Arnold agrees that "the conditions imposed on Mr. Andis may well have been unreasonable and thus unauthorized by law."

[8]In State v. Prendergast, 979 F.2d 1289 (8th Cir. 1992), after determining that certain terms of supervised release did not "reasonably relate to the goals of rehabilitation and protection," this Court remanded the case to the district court with directions to "amend the conditions of supervised release by eliminating" certain conditions.