# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1343

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Carlos Benitez-Diaz, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 9, 2002

Filed: July 31, 2003

_____

Before WOLLMAN, HEANEY, and BYE, Circuit Judges.

_____

PER CURIAM.

The government charged Carlos Benitez-Diaz, an alien, with illegal reentry after deportation subsequent to an aggravated felony conviction. Benitez-Diaz pleaded guilty pursuant to a plea agreement in which he waived his right to appeal his sentence. Despite the waiver, Benitez-Diaz filed this appeal claiming the district court erred in assessing a 16-level adjustment to his sentence pursuant to United States Sentencing Guideline § 2L1.2. For the reasons explained below, we enforce the waiver and dismiss the appeal.

I

In November 1997, Benitez-Diaz pleaded guilty to the California felony drug offense "possession for sale of heroin." The abstract of judgment emphasized the commercial character of this offense, describing it as "contrl subst for sale." Benitez-Diaz served the majority of a two-year sentence and was then deported to Mexico.

Benitez-Diaz returned to the United States without consent of the Attorney General. In February 2001, police apprehended him in St. Louis, Missouri and charged him with one count of illegally reentering the country pursuant to 8 U.S.C. §§ 1326(a) & (b)(2). He pleaded guilty in October 2001 and agreed to waive his right to appeal. Specifically, both the government and Benitez-Diaz agreed to:

> waive all rights to appeal all non-jurisdictional issues including, but not limited to . . . [the] sentence [that] is imposed, including any issues that relate to the establishment of the Offense Level or the Criminal History Category which are used to produce the Guideline range, reserving only the right to appeal from an upward or downward departure from the Guideline range established by the Court at sentencing that is made without the consent of the parties.

The district court calculated Benitez-Diaz's sentence using U.S.S.G. § 2L1.2, which establishes a base offense level of 8 and provides for an increase of 16 levels if the defendant was previously deported after committing an "aggravated felony." The district court noted Benitez-Diaz had agreed to the 16-level increase in his plea agreement because his heroin conviction in California was an "aggravated felony." After subtracting three levels for acceptance of responsibility, the district court sentenced Benitez-Diaz to 46 months in prison, the lowest point of the Guideline range.

At the time of sentencing, however, it escaped the notice of all involved that U.S.S.G. § 2L1.2 was amended between the time Benitez-Diaz pleaded guilty and the time he was sentenced. United States v. Zimmer, 299 F.3d 710, 717 (8th Cir. 2002) ("As a general rule, the sentencing court should apply the Sentencing Guidelines in effect at the time of sentencing unless doing so is violative of the ex post facto clause.") (citation omitted). During that period, the Sentencing Commission had created several gradations below the 16-level increase Benitez-Diaz received. Under the revised Guidelines, some reentering aliens now receive 4, 8, or 12-level increases, rather than 16-level increases. But the new Guideline continues to impose a 16-level increase for aliens whose prior drug trafficking convictions resulted in a sentence of 13 or more months in prison. U.S.S.G. § 2L1.2(b)(1)(A)(i).

Following the imposition of sentence, Benitez-Diaz filed this appeal. Benitez-Diaz argues the amendment to the Guidelines would have reduced his sentence. Prior to briefing, the government moved to dismiss the appeal because Benitez-Diaz had waived his appellate rights in the plea agreement. The motion was taken with the appeal.

II

We must first decide whether Benitez-Diaz should be permitted to proceed with this appeal. The burden of proof is on the government to show the plea agreement waives the defendant's right to appeal. Margalli-Olvera v. I.N.S., 43 F.3d 345, 353 (8th Cir. 1994).

Benitez-Diaz concedes he entered into the waiver knowingly and voluntarily. In it, he agreed not to challenge the sentence imposed by the district court unless the court departed upward. The district court did not depart upward; however, Benitez-Diaz argues he may appeal despite the waiver. Citing United States v. Andis, 277 F.3d 984, 986 (8th Cir. 2002), Benitez-Diaz argues his sentence was "illegal," and so

his appeal waiver should not be enforced. That decision lent some support to this argument, but it was vacated and the cause reheard en banc on September 11, 2002. The full court reviewed the enforceability of appeal waivers and said:

> We wish to make clear that the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception. Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver.

United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003).

Benitez-Diaz's sentence of 46 months is within the statutory range of 8 U.S.C. § 1326(b)(2) (providing limit of 20 years imprisonment). Because the sentence imposed was within the statutory range, the waiver will be enforced. Accordingly, Benitez-Diaz's appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-