# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2774

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Donnie E. Porter, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 3, 2004
Filed: March 8, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Donnie Porter pleaded guilty to possessing with intent to distribute 50 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). The district court[1] sentenced him to 300 months imprisonment and 5 years supervised release. On appeal, his counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in not requiring the government to file a substantial-assistance downward-departure motion. Porter has not filed a pro se supplemental brief. The government

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

has moved to dismiss the appeal based on a limited appeal waiver in Porter's plea agreement.

Because Porter knowingly and intelligently waived his right to appeal his sentence as part of his plea agreement, we dismiss this appeal, which challenges only his sentence. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement was entered into knowingly and voluntarily, and no miscarriage of justice would result), cert. denied, 124 S. Ct. 501 (2003); United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver), cert. denied, 525 U.S. 942 (1998); United States v. Greger, 98 F.3d 1080, 1081 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal sentence will be enforced). Although Porter moved at sentencing to withdraw his guilty plea, he does not appeal the district court's denial of his plea-withdrawal motion. Given that he has not filed a pro se supplemental brief, we infer that he has decided not to disturb the substantial benefits he received on account of the plea agreement: the dismissal of other charges, the reduction of his offense level for acceptance of responsibility, and the fixing of his sentence near the bottom of the resulting Guidelines range of 292 to 365 months.

Following our independent review of the record, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____