

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-10-2004

# USA v. Valentino

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Valentino" (2004). *2004 Decisions.* Paper 402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4278
_____

UNITED STATES OF AMERICA

v.

JOHN G. VALENTINO,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00367)
District Judge:  Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2004

Before:  RENDELL, BARRY and FISHER, *Circuit Judges*.

(Filed: August 10, 2004 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant John G. Valentino was a bank vice-president who pled guilty to bank

fraud in violation of 18 U.S.C. § 1344.  His plea agreement stated that he agreed to

restitution of $1,358,596 "as directed by the Court" and further included a waiver-of-

appeals provision.  At sentencing, Valentino stated he had spent most of the money entertaining clients and offered no further explanation.  The district court found "there's no way you can dispose of 1.3 [million] without some clear record of where you spent it," and ordered Valentino to make monthly payments of at least $20,000 during supervised release unless he could provide an itemized explanation of how the money was spent. The court said it would revisit the payment schedule if he could produce such records.

Valentino's appeal fails at the threshold inquiry of jurisdiction.  Paragraph 3 of the agreement stated that Valentino would make restitution "as directed by the Court." Paragraph 10 waived appeal of the "conviction, sentence, or any other matter relating to this prosecution."  Despite the waiver, Valentino could file a direct appeal "but may raise only claims that" his sentence "exceeds the statutory maximum" or that the court "erroneously departed upward from the otherwise applicable sentencing guideline range."

Valentino's waiver precludes this appeal.  "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).  Although waivers are strictly construed, see id., even the narrowest construction of the phrase "any other matter relating to this prosecution" embraces the restitution order.[1]  Indeed, Valentino agreed to make restitution "as directed by the Court," underscoring that restitution did not fall

---

[1]Defendant cites cases where Courts of Appeals refused to enforce a waiver of the right to appeal the "sentence."  Such cases are inapposite because of the phrase "any other matter relating to this prosecution," which unambiguously includes the restitution order.

2

within the narrow range of issues permitted to be appealed despite the waiver. <u>See</u> <u>United States v. Greger</u>, 98 F.3d 1080, 1081 (8th Cir. 1996). Valentino does not challenge the government's assertion that the district court reviewed the waiver with Valentino and assured that he entered the plea knowingly and voluntarily. Nor has he shown that enforcement of the wavier would work a miscarriage of justice. <u>See</u> 18 U.S.C. § 3664(e); <u>United States v. Voigt</u>, 89 F.3d 1050, 1093 (3d Cir. 1996).

Because we lack appellate jurisdiction, the appeal will be DISMISSED.

_____