# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2090

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Robert C. Schulte, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 2005
Filed: February 2, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Robert Schulte pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, arising from a transaction for the purchase of real estate. At sentencing, the district court imposed a sentence of 19 months' imprisonment, and ordered Schulte to pay restitution in the amount of $1,176,098.80, based on the loss caused by the specific transaction involved in the offense of conviction, together with harm caused by other real estate transactions that were part of the "scheme" that was an element of the wire fraud offense to which Schulte pled guilty. *See* 18 U.S.C. § 3663A(a)(2).

Schulte appeals only the district court's restitution order, arguing that the government failed to prove that the losses asserted were directly and proximately caused by Schulte's conduct as charged in the count to which he pled guilty. He contends that the restitution order thus violates the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, and the Sixth Amendment as construed in *United States v. Booker*, 125 S. Ct. 738 (2005). The government moves to dismiss the appeal on the ground that Schulte waived his right to appeal, and argues alternatively that the restitution order was supported by sufficient evidence and consistent with the statute and the Constitution. *See United States v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005).

We conclude that Schulte knowingly and voluntarily waived his right to appeal the restitution order, and that enforcement of the waiver would not result in a miscarriage of justice that could make the agreement of the parties unenforceable. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). The plea agreement signed by Schulte and the government provides in pertinent part that:

> [B]oth the defendant and the government hereby waive all rights to appeal *all non-jurisdictional issues including, but not limited to*: any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea; and, whatever sentence is imposed, any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court, except that the parties reserve the right to appeal from any Chapter 5 upward or downward departure from the Guidelines range if such departure is not agreed to in this document.

(R. at 60-61) (emphasis added).

This appeal waiver clearly extends to "all non-jurisdictional issues," not merely to certain matters relating to "whatever sentence is imposed," as Schulte asserts. An appeal of issues relating to the Total Offense Level or Criminal History Category are matters "includ[ed]" within the scope of the waiver, but to which the waiver is "not limited." This meaning was reinforced during the change-of-plea hearing, at which time the district court confirmed Schulte's understanding that he "reserve[d] the right to appeal based on claims of prosecutorial misconduct or ineffective assistance of counsel," but "[o]ther than those reserved rights, all of your other appellate rights are waived." (Tr. at 35). A waiver limited to "whatever sentence is imposed" does not foreclose an appeal of a restitution order under our precedent, *United States v. Sistrunk*, 432 F.3d 917, 918 (8th Cir. 2006), but a waiver, like this one, that includes all issues except jurisdiction does encompass restitution. *United States v. Greger*, 98 F.3d 1080, 1081-82 (8th Cir. 1996); *accord United States v. Glynn*, 149 Fed. Appx. 322, 323 (5th Cir. 2005) (per curiam) (unpublished). Accordingly, we conclude that Schulte knowingly and voluntarily waived his right to appeal the district court's restitution order.

To the extent *Greger* does not already answer the question, we also hold that enforcement of the waiver would not result in a miscarriage of justice. *See Andis*, 333 F.3d at 891-92. While we did say in *Andis* that an "illegal sentence" could be a "miscarriage of justice," we emphasized that the exception to general enforceability of appeal waivers was "extremely narrow" and that "[a]ny sentence imposed within the statutory range is not subject to appeal." *Id.* at 892. We established in this circuit that not every action that is contrary to law or in excess of the district court's statutory authority constitutes an "illegal sentence" that avoids an appeal waiver. An improper application of the mandatory guidelines, for example, was not a sufficient basis to invalidate a knowing and voluntary appeal waiver, *id.*, even though the district court in that scenario would have imposed an "illegal" sentence unauthorized by the Sentencing Reform Act. *See* 18 U.S.C. § 3553(b)(1) (2004).

-3-

The concept of an "illegal sentence" may not apply neatly to restitution orders, as "they are not in the nature of a criminal penalty," *Carruth*, 418 F.3d at 904 (internal quotation omitted), but the focus of *Andis* on a statutory range nonetheless informs our consideration of what constitutes a "miscarriage of justice" for these purposes. Restitution orders "are not subject to any prescribed statutory maximum," *id.*, so a challenge to a restitution order based on sufficiency of the evidence does not implicate the sort of "illegality" that we said in *Andis* might justify voiding a voluntary agreement between the parties. *See also United States v. Reynolds*, 432 F.3d 821, 823-24 (8th Cir. 2005) ("Enforcing the waiver [of a *Booker* claim] will not result in a miscarriage of justice as Reynolds's sentence is within the statutory range authorized for the offense of conviction."); *but cf. United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir. 1999); *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995). If a defendant sentenced erroneously to a lengthy term of imprisonment that was within the statutory range but well beyond that authorized by the former mandatory guidelines could not establish a miscarriage of justice, then we think it would be anomalous to hold that a defendant challenging an order to pay a monetary sum could on that basis avoid an appeal waiver to which he knowingly and voluntarily agreed. If we refused to enforce this appeal waiver, moreover, we would render meaningless the holding in *Greger*, which enforced the waiver of an appeal asserting that restitution was imposed in violation of statute. 98 F.3d at 1081.

For these reasons, the appeal is dismissed.

_____