# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3390

———————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the Southern
　　　　　　　　　　　　　　　　　*　District of Iowa.
Shannon Coleen Barritt,　　　　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　　*

———————

Submitted: April 5, 2011
Filed: April 8, 2011

———————

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement containing an appeal waiver, Shannon Barritt agreed to plead guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Barritt to the statutory minimum of 120 months in prison and 5 years supervised release, in accordance with the plea agreement. On appeal, counsel seeks to withdraw, and has

———————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the plea was coerced.

We will enforce the appeal waiver. Barritt's plea hearing testimony shows that her plea was knowing and voluntary, and entered into with full knowledge of the appeal waiver; this appeal falls within the scope of the waiver; and enforcing the waiver will not result in a miscarriage of justice. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (criteria for enforcing appeal waiver); <u>United States v. Greger</u>, 98 F.3d 1080, 1081 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal sentence will be enforced); <u>see also</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) (solemn declarations in open court carry strong presumption of verity); <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 88 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel's motion to withdraw, subject to counsel informing Barritt about procedures for seeking rehearing or filing a petition for certiorari.

_____