# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1270

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua J. Lowe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: September 18, 2012
Filed: October 2, 2012
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Joshua Lowe pleaded guilty to one count of conspiring to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846. The plea agreement provided: "[T]he defendant waives the right to directly appeal the conviction and sentence pursuant to

28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)." At sentencing, the district court[1] applied a three-level aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(b), overruling Lowe's objection that there was insufficient evidence he had a managerial or supervisory role in the drug-distribution conspiracy. The court granted the government's motion for a four-level downward departure pursuant to § 5K1.1 and sentenced Lowe to 121 months in prison, the bottom of his advisory guidelines range. Lowe appeals the sentence, contending that the district court erred in applying the enhancement. Because Lowe knowingly and voluntarily waived his right to appeal the application of this enhancement, and because enforcement of the waiver would not result in a miscarriage of justice, we dismiss the appeal.

We will enforce a waiver and dismiss an appeal if the issue raised "falls within the scope of the waiver," the defendant "knowingly and voluntarily" agreed to the waiver, and enforcement of the waiver would not cause a "miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Here, Lowe concedes that the issue he raises on appeal falls within the scope of the waiver and that he knowingly and voluntarily waived his right to appeal. He argues that enforcement of the waiver would result in a miscarriage of justice because the district court impermissibly relied on disputed facts in applying the aggravating-role enhancement. This argument is foreclosed by our decision in Andis, 333 F.3d at 892, where we expressly held that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."

As our post-Andis decisions have consistently recognized, enforcing an appeal waiver does not result in a miscarriage of justice if the defendant's sentence falls within the statutory range for his offense. See United States v. Mousseau, 517 F.3d

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

1044, 1047-48 (8th Cir. 2008); United States v. Reynolds, 432 F.3d 821, 823-24 (8th Cir. 2005); United States v. Benitez-Diaz, 337 F.3d 1080, 1083 (8th Cir. 2003). Because Lowe's 121-month sentence is only one month more than the ten-year mandatory minimum sentence for his drug offense, dismissing his appeal of the district court's decision to apply an aggravating-role enhancement -- a decision based in part on Lowe's fact admissions in the plea agreement -- will not result in a miscarriage of justice.

Lowe's appeal is therefore dismissed.

_____