# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-1407

_____

United States of America,

*Plaintiff - Appellee,*

v.

Doug Hargrave,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 17, 2023
Filed: February 23, 2024
[Unpublished]

_____

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Doug Hargrave pleaded guilty to one count of bank fraud. The district court[*] sentenced him to fifteen months' imprisonment and ordered $1,442,231.25 in restitution. Hargrave appeals the district court's determination of his advisory sentencing guideline range and the amount of the restitution order. The appeal of the guideline calculation is moot because Hargrave was released from prison while this appeal was pending. Hargrave waived any challenge to restitution in his plea agreement, so we dismiss the appeal.

Go Cedar Rapids ("GoCR") was an organization created to promote events in Cedar Rapids, Iowa. GoCR planned Newbo Evolve, a three-day music and cultural event to take place in August 2018. Hargrave was GoCR's finance director.

In December 2017, GoCR obtained a $1.5 million revolving line of credit from a bank in Cedar Rapids to finance the Newbo event. By the summer of 2018, GoCR was essentially out of money and at risk of cancelling the event. In July, Hargrave twice misrepresented Newbo budgets to the bank in support of GoCR's requests to increase its loan, and the bank approved the additional loans. The Newbo event took place, and GoCR lost more than $2,000,000. The bank received the revenue from the event and suffered a loss on the remaining amount of the promissory note.

Hargrave first challenges the district court's calculation of actual loss and the advisory sentencing guideline range that resulted from the calculation. *See* USSG § 2B1.1(b)(1)(H). Hargrave was released from custody, however, while this appeal was pending. He does not suffer any collateral consequence from the expired term

---

[*]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

of imprisonment, so the appeal is moot insofar as it challenges his prison term. *See Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019).

Hargrave also challenges the district court's order of restitution. In his plea agreement, however, Hargrave stated that he "waives the right to appeal any non-jurisdictional issues, including but not limited to any issues relating to restitution."

"So long as there is no miscarriage of justice, we will enforce a defendant's waiver if the appeal falls within the scope of the waiver and the defendant entered into the waiver and the plea agreement knowingly and voluntarily." *United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017); *see United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). The record establishes that Hargrave's waiver was knowing and voluntary. In his reply brief, Hargrave argues that enforcement of the waiver would result in a miscarriage of justice because the court miscalculated the restitution amount. But "a challenge to a restitution order based on sufficiency of the evidence does not implicate the sort of 'illegality' that we said in *Andis* might justify voiding a voluntary agreement between the parties." *United States v. Schulte*, 436 F.3d 849, 851 (8th Cir. 2006). The waiver is enforceable.

For these reasons, the appeal is dismissed.

_____