STATE of Iowa, Appellee,

v.

Shelton HIGHTOWER, Appellant.

No. 98–56.

Court of Appeals of Iowa.

Oct. 29, 1998.

Karl Moorman, Strawberry Point, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.

Considered by SACKETT, P.J., and HUITINK and VOGEL, JJ.

VOGEL, J.

Shelton Hightower appeals the judgment and sentence entered upon his guilty plea for possession of a controlled substance with intent to deliver, second offense. We find Hightower entered his plea intelligently and voluntarily, and that a sufficient factual basis was established to support the plea. We therefore affirm.

*Background facts.* In July of 1997, Hightower was arrested and charged with possession with the intent to deliver cocaine base as a second offender, an enhanced class "C" felony, along with two simple misdemeanors, public intoxication and disorderly conduct. Hightower initially pled not guilty to the possession charge, but later entered into a plea agreement whereby he would plead guilty to the charge in exchange for the State's recommendation that he receive a sentence of twenty-five years in prison to run concurrent with a jail sentence imposed pursuant to a related probation revocation proceeding. The State further agreed to remove Hightower's name from a list of individuals being forwarded to federal court for possible prosecution.

Hightower entered an *Alford* plea on October 28, 1997. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Hightower then filed a timely motion in arrest of judgment, requesting that he be allowed to withdraw his plea because he did not understand the plea agreement and it was therefore not entered voluntarily. At the hearing on the motion, Hightower moved to amend to include a claim that there was not a sufficient factual basis to support the plea. The district court denied the motion to amend, finding it was both untimely and lacking in merit. The court further denied the motion in arrest of judgment, finding that Hightower understood the plea agreement and entered his plea voluntarily. Hightower appeals.

■ *Scope of review.* We review a trial court's decision to grant or deny a request to withdraw a guilty plea for abuse of discretion. I.R.App. P. 4; *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998); *see also State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997). We do not find an abuse of discretion unless the defendant shows it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Blum*, 560 N.W.2d at 9; *State v. Ramirez*, 400 N.W.2d 586, 588 (Iowa 1987).

*Voluntary and intelligent plea.* Hightower asserts that the district court erred in denying his motion in arrest of judgment because his plea was not entered into voluntarily and intelligently.

■ Fundamental due process requires a guilty plea be voluntary and intelligent. *State v. Sayre*, 566 N.W.2d 193, 195 (Iowa 1997). To ensure this, the trial court must follow the requirements set forth in Iowa

Rule of Criminal Procedure 8(2)(b). *See Speed,* 573 N.W.2d at 597 (citation omitted). Rule 8(2)(b) provides:

> The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> 1) The nature of the charge to which the plea is offered.
>
> 2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> 3) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> 4) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

■ Hightower first claims that his plea was not entered voluntarily because the court did not timely inform him that the plea agreement was not binding on the court. However, Iowa Rule of Criminal Procedure 8 does not require the trial court to advise a defendant during the plea colloquy that a plea agreement is not binding on the court. On the contrary, Iowa Rule of Criminal Procedure 9 requires the court to inform a defendant of the non-binding nature of the agreement only when the court refuses to be bound by or rejects the plea agreement. Since the court in this case agreed to bind itself to the plea agreement, it was unnecessary to advise Hightower that the agreement was not binding on the court. We find no error by the court and no effect to the voluntariness of Hightower's plea.

■ Hightower next claims that his plea was not entered intelligently because the trial court did not sufficiently explain the terms of the plea agreement nor address him as to his understanding of the agreement.

During the plea colloquy, the following exchange was made:

THE COURT: You're also alleged to be a second offender. And under Section 124.411 of the Criminal Code this is what the penalties are: Any person convicted of a second or subsequent offense under this chapter may be punished by imprisonment for a period not to exceed three times the term otherwise authorized, or fined not more than three times the amount otherwise authorized, or punished by both such imprisonment or fine.

In your case a moment ago I told you that the possible penalties were not more that ten years in the State penitentiary or a fine of at least $1,000 but not more than $50,000. However, because you're a second offender those penalties would go up to not exceed three times, which would be in your case not more than 30 years, or three times the penalty, fines, which would be not less than $3,000 nor more than $150,000, or by a combination of those, both of those.

Do you feel that you understand what's alleged against you in that matter of the penalties?

THE DEFENDANT: Okay. That one right there. I was looking at that ten. It says three times. So that would be the 30?

THE COURT: Three times ten would be 30.

THE DEFENDANT: Okay. That's what you did. I understand now.

THE COURT: And there's also the mandatory-minimum, 124.413, which means you'll not be eligible for parole until you have served one third of that. Do you understand that—

THE DEFENDANT: Okay. Yeah.

Rule 8(2)(b) does not establish a litany that must be followed without variation before a guilty plea may be accepted. *State v. Kirchoff,* 452 N.W.2d 801, 804 (Iowa 1990). Substantial compliance with the rule is all that is

required. *Id.* (citing *State v. Smothers,* 309 N.W.2d 506, 508 (Iowa 1981)). We find this exchange between the court and Hightower was in compliance with the rule and exhibited that Hightower understood the plea agreement.

***Factual basis claim.*** Hightower asserts the district court erred in denying his factual basis claim because it was untimely and without merit.

Iowa Rule of Criminal Procedure 23(3)(b) requires that a motion in arrest of judgment "must be made no later than forty-five days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment."

Hightower entered his plea on October 28, 1997, and filed a timely motion in arrest of judgment on November 26, 1997. Hearing on the motion was set for the day of sentencing, December 10, 1997, at which time Hightower moved to amend his motion. We find the trial court did not abuse its discretion in denying the motion to amend as untimely. We also find Hightower's claim to be without merit.

Generally, the court may determine a factual basis for a guilty plea by (1) inquiry of the defendant; (2) inquiry of the prosecutor; (3) examination of the presentence report; or (4) reference to the minutes of testimony. *See State v. Johnson,* 234 N.W.2d 878, 879 (Iowa 1975); *State v. Hansen,* 344 N.W.2d 725, 728 (Iowa App.1983). However, "in an *Alford* plea, because the accused is denying his guilt, a factual basis must be established independent of his statements." *Farley v. Glanton,* 280 N.W.2d 411, 416 (Iowa 1979). This factual basis is a substitute for the admission of guilt. *Id.* Whatever the source, the record must dis-

close the factual basis relied on. *Johnson,* 234 N.W.2d at 879.

During the plea proceeding, Hightower was asked by the court if he agreed that the State's witnesses would testify as the prosecuting attorney and minutes of testimony indicated they would. Hightower replied that he didn't know. Hightower asserts that because he made no other statement which indicated that he was in agreement with respect to the adequacy of the factual basis, the trial court should not have accepted his plea.[1] However, we find that a factual basis was determined by the trial court in asking the prosecutor to recite the facts of the case and by reviewing the minutes of testimony on the record. Moreover, there is no requirement in an *Alford* plea that the defendant must acknowledge that the State's witnesses would testify as indicated by the prosecutor, nor agree with the facts as presented by the prosecutor or contained in either the presentence investigation or minutes of testimony. *See generally Alford,* 400 U.S. at 36, 91 S.Ct. at 167, 27 L.Ed.2d at 171; *State v. Hansen,* 221 N.W.2d 274, 276 (Iowa 1974) (defendant's responses to court's inquiries were inconsistent as to his intent and arguably a denial of the crime; however, the court was permitted to determine a factual basis by considering sources other than defendant's statements).

Having considered all issues properly before us on appeal, we affirm the judgment and sentence of Shelton Hightower.

**AFFIRMED.**

---

1. At the end of the plea colloquy, Hightower pled to the charges as follows:

    THE COURT: I'm going to ask you to formally state on the record to the charge of possession of a controlled substance, cocaine case, on or about July 28, 1997, how do you plead?
    THE DEFENDANT: Guilty.
    THE COURT: And to being second offender, how do you plead?

    THE DEFENDANT: Guilty.
    THE COURT: To Count II charging you with public intoxication, how do you plead?
    THE DEFENDANT: Guilty.
    THE COURT: And to Count III charging you with disorderly conduct on that same date, July 28, 1997, how do you plead?
    THE DEFENDANT: Guilty.