# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1293

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Richard Thomas Rose, also known | * | |
| as Esortr, | * | |
| Appellant. | * | |

_____

Submitted:  October 10, 2002

Filed:  January 10, 2003

_____

Before LOKEN, BEAM, and MELLOY, Circuit Judges.

_____

BEAM, Circuit Judge.

Richard Thomas Rose was sentenced to 120 months' imprisonment for one count of interstate stalking, in violation of 18 U.S.C. § 2261A, and two counts of

threatening communications, in violation of 18 U.S.C. § 875(c).[1] The district court[2] increased his base sentence level for the threatening communications counts by six levels, pursuant to United States Sentencing Guidelines § 2A6.1(b)(1), and departed upward, pursuant to sections 5K2.0, 5K2.3, and 5K2.8 of the Guidelines. Rose now appeals the six-level enhancement and the upward departure. We affirm.

## I. BACKGROUND

Rose met Lois Fischer on the internet while playing a card game. They communicated daily, and their internet relationship eventually grew romantic. Fischer sent Rose pictures of herself and her two children, and the two exchanged "cyber vows." Fischer represented to Rose that she was a widow. The two were planning to meet in California during Fischer's business trip in January 2001, but Fischer changed her mind about meeting Rose. During the time Fischer was to be in California, Rose tracked her to her hotel. When he called her hotel room, Fischer's husband answered the phone. Upon finding that Fischer was married, rather than widowed, Rose began sending threatening and vulgar e-mail and telephone messages to Fischer and her family in Minnesota.

These messages included threats to murder Fischer's two children, to put pictures of her children on pornographic web sites, and to send letters to Fischer's neighbors. Rose did in fact post pictures of Fischer's children, along with their full

---

[1]Rose was sentenced to 60 months for the interstate stalking count and 60 months for the first threatening communication count, running consecutively, and 60 months for the second threatening communication count, running concurrently with the other sentences, for a total sentence of 120 months.

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

names, address, and telephone number, on web sites soliciting sexual activity.[3]  Rose also sent letters to Fischer's neighbors, warning that a "path of terror" was coming soon to their neighborhood.  Fischer and her husband went to the police, and Rose was arrested in California.

## II.    DISCUSSION

### A.    Six-Level Sentence Enhancement

Under section 2A6.1(b)(1) of the United States Sentencing Guidelines, the sentencing court may enhance the base offense level for threatening communications by six levels "[i]f the offense involved any conduct evidencing an intent to carry out such threat."  In this case, the district court found that Rose's conduct evidenced his intent to carry out his threats to murder Fischer's children.  Rose obtained Fischer's home address and telephone number, information that Fischer did not provide to him. Rose also sought and obtained driving directions and a map with a route leading directly to Fischer's residence.  Additionally, Rose carried out other threats he made to Fischer, including posting pornographic and detailed information about Fischer's children on sexually-explicit web sites and sending letters to Fischer's neighbors. Together, according to the district court, these actions evidenced an intent to carry out his threats.

"We review the district court's finding of facts for clear error and its application of the guidelines to the facts de novo, giving due deference to the district court's application of the guidelines."  United States v. Saknikent, 30 F.3d 1012, 1013 (8th Cir. 1994).  After a thorough review of the record, we determine that the district

---

[3]The web sites encouraged men to rape Fischer's children.  Fischer's family received numerous phone calls from men from around the country and the world in response to the web site postings about the Fischer children.

court's findings of fact were not clearly erroneous and its application of section 2A6.1(b)(1) to the facts was proper.

In support of his argument that the six-level enhancement was inappropriate, Rose cites United States v. Goynes, 175 F.3d 350 (5th Cir. 1999). In that case, the defendant, while in prison, sent threatening letters to members of the Amarillo, Texas, legal community. The court determined that the letters alone, without an overt act, did not evidence an intent to carry out the threat. The court in Goynes stated the following:

> Holding that threats are enough to support a § 2A6.1(b)(1) enhancement would contradict the plain language of the Guideline, which authorizes an enhancement where the offense involves conduct evidencing an intent to carry out the threats. Therefore, this Circuit adopts the majority view [of other Circuit Courts] requiring some form of overt act to sustain a § 2A6.1(b)(1) enhancement.

Goynes, 175 F.3d at 355. The present case is distinguishable because Rose carried out overt acts in furtherance of his threats by calling the Fischer home, posting information about Fischer's children on pornographic web sites, sending letters to Fischer's neighbors, and finding Fischer's address, determining its location and obtaining directions to the site. The six-level enhancement was, therefore, appropriate.

B.    Upward Departure

Based on the nature and extent of Rose's behavior, the district court departed upward from the Guidelines, resulting in a 120-month sentence for Rose. The court based the departure on sections 5K2.0 (general departure provision), 5K2.3 (allowing departure for extreme psychological injury to the victim) and 5K2.8 (allowing departure for "extreme conduct"). These provisions allow for a departure when other

provisions of the Guidelines do not cover the specific facts of the situation at hand. Rose argues that the Guidelines sufficiently cover the facts of this case, and that an upward departure is not necessary. The government counters that the gravity and cruelty of this case and the psychological impact on Fischer and her family justify the departure.

"We review the factual findings used to support an upward departure for clear error." United States v. Leaf, 306 F.3d 529, 533 (8th Cir. 2002). We conclude that the district court's findings in support of the upward departure were not clearly erroneous. From prior communications with Fischer, Rose knew that she had already suffered through acts similar to those which Rose threatened (i.e., she was raped as a young woman and her brother was murdered). This similarity caused Fischer more psychological harm than a victim without such experiences. Additionally, posting pictures of Fischer's children on pornographic web sites and publishing their names, address, and phone number constituted extreme conduct. Since "[w]e review a district court's decision to depart upward for abuse of discretion," id. at 533, we conclude that the upward departure was clearly appropriate.

## III. CONCLUSION

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.