# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3155

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Terry Francis Johnson,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

_____

Submitted:　March 12, 2003

Filed:　April 4, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Terry Johnson pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession of a firearm by an unlawful user of marijuana in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and possession of marijuana in violation of 21 U.S.C. § 844(a). On appeal, he contends that the district court[1] erred in sentencing him when it determined that his prior conviction for theft was a "crime of violence," U.S.S.G. § 2K2.1(a)(4)(A), and that

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation in the Northern District of Iowa.

the firearms were not possessed "solely for lawful sporting purposes," U.S.S.G. § 2K2.1(b)(2). We affirm.

## I.

On November 20, 2001, police officers executed a search warrant at the New Hampton, Iowa, home of Johnson's parents, where Johnson was living in a storage room. During the search of the storage room, the officers recovered two shotguns, ammunition, 12.87 grams of marijuana and drug paraphernalia. Johnson was present during the search and told the officers that one of the shotguns was his and one belonged to a friend. Johnson was arrested, taken to jail, and given Miranda warnings. In subsequent questioning, Johnson again admitted ownership of the .410 caliber shotgun and claimed that the 20 gauge shotgun belonged to a friend, whom he would not identify. Johnson also admitted that he was a daily user of marijuana and had smoked two bowls just prior to the search. At his plea hearing, Johnson denied ownership of the shotguns, claiming they belonged to his father, who had purchased them intending to get back into hunting. At his sentencing hearing, Johnson claimed that he lied about the shotguns because he feared his father would get into trouble for keeping firearms in a house with a convicted felon. Johnson's father claimed ownership of the shotguns in his testimony at the sentencing hearing.

The predicate felony for Johnson's felon-in-possession conviction is a 1995 Chickasaw County, Iowa, conviction for first degree theft. Johnson was originally charged with second degree robbery but pled guilty to an amended charge of first degree theft in violation of Iowa Criminal Code sections 714.1 and 714.2. The state presentence investigation report described the conduct underlying the robbery charge as follows:

> [Four] or [five] individuals came out of the southwest ditch and pushed [the victim] and his bicycle into the ditch. They knocked him from his

-2-

bicycle, kicked him in the ribs and face and punched him. In the [b]asket of the bicycle were items belonging to the victim including $180 in cash, several keys, a bank card, a small coin purse and other items of personal property. . . . These items were taken by the assailants. The victim was able to identify one of the individuals as being Terry Johnson.

Iowa Code § 714.2(1) defines first degree theft as "theft of property exceeding ten thousand dollars in value, or the theft of property from the person of another, or [looting after a disaster, riot, or bombing]."

## II.

Johnson contends that the district court erred in determining that his prior felony constitutes a crime of violence under U.S.S.G. § 4B1.2(a). "We review the district court's finding of facts for clear error and its application of the guidelines to the facts de novo, giving due deference to the district court's application of the guidelines." United States v. Rose, 315 F.3d 956, 958 (8th Cir. 2003) (quoting United States v. Saknikent, 30 F.3d 1012, 1013 (8th Cir. 1994)).

The Sentencing Guidelines prescribe a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A).

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

-3-

U.S.S.G. § 4B1.2(a) (cited in U.S.S.G. § 2K2.1 cmt. n.5). As indicated above, Johnson was charged with robbery, but, pursuant to a plea agreement, pled guilty to an amended charge of first degree theft. It is undisputed that theft is not one of the offenses listed in § 4B1.2(a), nor does it have as an element the use of force against the person of another. Consequently, we must determine whether Johnson's prior conviction is for an offense involving "conduct that presents a serious potential risk of physical injury to another." Id.

Although there is no amended charging instrument in the state court record, Johnson does not dispute that the factual basis for his first degree theft conviction was the July 24, 1994, robbery. In addition, the Judgment of Guilty and Sentence entered in Iowa District Court on the theft conviction referenced "all facts and circumstances" in the presentence investigation report prepared for the robbery charge. Johnson contends that he entered an Alford plea[2] to first degree theft pursuant to the clause of Iowa Code § 714.2(1) proscribing "theft of property exceeding ten thousand dollars in value." Because there is no factual basis in the record for a plea to theft of property exceeding ten thousand dollars in value, as is required by Iowa law, State v. Hightower, 587 N.W.2d 611, 614 (Iowa Ct. App. 1998), Johnson's conviction must have been entered under the only clause supported by the facts in the record, that of "theft of property from the person of another," Iowa Code § 714.2(1).

We recently held that the crime of theft from a person is a "violent felony" for purposes of 18 U.S.C. § 924(e)(2)(B). United States v. Griffith, 301 F.3d 880, 885 (8th Cir. 2002). The definitions of "violent felony" and "crime of violence" are

---

[2]Unlike a defendant making an ordinary guilty plea, a defendant making an Alford plea maintains his innocence of the offense charged. North Carolina v. Alford, 400 U.S. 25, 37 (1970). "[I]n an Alford plea, because the accused is denying his guilt, a factual basis must be established independent of his statements." Hightower, 587 N.W.2d at 614 (quoting Farley v. Glanton, 280 N.W.2d 411, 416 (Iowa 1979)).

almost identical; indeed, we relied heavily on the decisions of other circuits holding that theft from the person is a crime of violence under U.S.S.G. § 4B1.2. Id. (citing United States v. Payne, 163 F.3d 371, 374-75 (6th Cir. 1998); United States v. Hawkins, 69 F.3d 11, 13 (5th Cir. 1995)). Because of the likelihood that the victim will resist or defend in a manner that will lead to immediate violence, theft from the person inherently involves a serious risk of injury to the victim and perforce is a crime of violence. Id. Accordingly, Johnson's conviction for theft from the person constituted a "crime of violence" under U.S.S.G. § 4B1.2(a), and the district court thus did not err in assigning a base offense level of 20.

If the offense of conviction can be committed with or without violence, "we look to the facts or charging instruments underlying [the] offense to determine whether it was a crime of violence under the Guidelines." United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999). Each category of first degree theft under Iowa Code § 714.2 can be committed with or without violence. Consequently, even if we were to accept Johnson's contention that he entered an Alford plea to theft of property valued in excess of ten thousand dollars, we may look to the facts related to the conduct for which Johnson was convicted. Kind, 194 F.3d at 907. There was sufficient evidence for the district court to find not only that there was a risk of physical injury to the victim, but also that there was actual violence to the victim.

Because the district court properly assigned a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4), Johnson is not eligible for the reduced offense level of 6 applicable when firearms are possessed "solely for lawful sporting purposes." U.S.S.G. § 2K2.1(b)(2).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.