# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4015

———————

United States of America,      *

                     *

     Plaintiff - Appellee,      *

                     *    Appeal from the United States

     v.                    *    District Court for the

                     *    Western District of Missouri.

Larry James Reynolds,      *

                     *

     Defendant - Appellant.      *

———————

Submitted: June 21, 2005
Filed: December 23, 2005

———————

Before LOKEN, Chief Judge, ARNOLD and COLLOTON, Circuit Judges.

———————

LOKEN, Chief Judge.

In late 2003, Larry James Reynolds made two phone calls to his stepfather, R. G. Edmondson, threatening harm unless Edmondson paid money he owed Reynolds's mother from a divorce settlement. In between the two calls, a residence and 250 bales of hay owned by Edmondson were destroyed by suspicious fires. After Reynolds was charged in a three-count superseding indictment, he entered into a plea agreement in which he pleaded guilty to making a willful threat by telephone in violation of 18 U.S.C. § 844(e). The government then dismissed the two more serious charges. The district court sentenced Reynolds to 24 months in prison and ordered him to pay Edmondson $45,000 in restitution. Reynolds appeals his sentence. The most difficult issue is whether the district court improperly ordered restitution because Edmondson's

losses did not result from the offense of conviction.  We reverse the award of restitution and otherwise affirm.

## I. The Restitution Issue

Reynolds pleaded guilty to Count Two of the three-count indictment, which charged that on December 2, 2003, by use of a telephone, he "willfully threatened to intimidate R.G. Edmondson and to unlawfully destroy real property belonging to R.G. Edmondson, by means of fire, in violation of" 18 U.S.C. § 844(e).  In exchange for his plea, the government dismissed two charges calling for greater punishment -- using extortionate means to collect credit in violation of 18 U.S.C. § 894 and using fire to commit a felony in violation of 18 U.S.C. § 844(h).  In the Plea Agreement, Reynolds acknowledged that an order of restitution was part of the maximum sentence that could be imposed for his violation of Count Two.  The Presentence Investigation Report recommended that "restitution is required" pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.  Reynolds objected to that recommendation.

At sentencing, Edmondson testified that the reasonable value of the property destroyed by fire was $45,000.  The district court ordered Reynolds to pay this amount in restitution.  On appeal, Reynolds does not contest the amount of restitution awarded.  Rather, he argues that no loss resulted from his threatening phone call, which was made after the fires, and restitution may only be awarded "for the loss caused by the specific conduct that is the basis of the offense of conviction." Hughey v. United States, 495 U.S. 411, 413 (1990).  We review this issue of law de novo. See United States v. Bush, 252 F.3d 959, 962 (8th Cir. 2001).

The Victim and Witness Protection Act provides that a sentencing court may order "that the defendant make restitution to any victim of such offense."  18 U.S.C. § 3663(a)(1)(A).  In Hughey, the Supreme Court held that "such offense" does not include other charges dismissed by the government in exchange for a guilty plea.  In

response to <u>Hughey</u>, Congress amended the statute to provide that the term "victim" includes, "in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(a)(2). In addition, the statute provides that the court may order restitution "to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3).

Reynolds's offense of conviction was a phone threat that violated 18 U.S.C. § 844(e). That statute provides in relevant part:

> (e) Whoever, through the use of the . . . telephone . . . willfully makes any threat . . . concerning an attempt or alleged attempt being made, or to be made, to . . . intimidate any individual or unlawfully to damage or destroy any . . . real or personal property by means of fire or an explosive shall be imprisoned for not more than 10 years . . . .

At oral argument, the government argued that the scheme or pattern described in 18 U.S.C. § 3663(a)(2) is implicit in § 844(e) offenses, noting the protection schemes perpetrated by urban mobsters early in the twentieth century -- demand money from a shopkeeper to protect his stores; if money is not paid, blow up store #1 and demand money to protect other stores; if money still is not paid, blow up store #2 and demand money; and so forth. We agree that the threats in this hypothetical scenario violate § 844(e). We also agree that the demands describe "a scheme . . . or pattern of criminal activity." Of course, not all § 844(e) threat offenses involve this type of underlying scheme. <u>See, e.g.</u>, <u>United States v. Spruill</u>, 118 F.3d 221, 227-28 (4th Cir.) (threat to blow up federal building), <u>cert. denied</u>, 522 U.S. 1006 (1997). More significantly, in our view, proof of an underlying scheme or pattern of criminal activity is not an *element* of a § 844(e) offense, as 18 U.S.C. § 3663(a)(2) requires, just as proof of a scheme or pattern was not an element of the larceny offense at issue in <u>United States v. Fogg</u>, 409 F.3d 1022, 1028 (8th Cir. 2005). Therefore, under <u>Hughey</u>, restitution may be awarded only for the amount of loss caused by the

threatening phone call that violated § 844(e), which was zero, unless Reynolds agreed to pay restitution in the plea agreement. Although Reynolds acknowledged in the plea agreement the possibility that restitution might be awarded, that acknowledgment fell well short of agreement. Accordingly, the award of restitution was beyond the district court's authority under 18 U.S.C. § 3663(a).[1]

## II. Other Issues

A. The mandatory guidelines sentencing range that led to Reynolds's twenty-four month prison term included a six level enhancement under U.S.S.G. § 2A6.1(b)(1), which applies when a threat offense "involved any conduct evidencing an intent to carry out such threat." Reynolds argues that the enhancement violated his Sixth Amendment rights as construed in United States v. Booker, 125 S. Ct. 738 (2005). However, in the Plea Agreement, Reynolds expressly agreed "not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines." This appeal waiver plainly included the Booker issue Reynolds now seeks to raise on appeal. See United States v. Amburn, 412 F.3d 909, 918 (8th Cir. 2005); United States v. Reeves, 410 F.3d 1031, 1035 (8th Cir.), cert. denied, 126 S. Ct. 469 (2005).

We enforce an appeal waiver that is reflected in a plea agreement so long as the defendant knowingly and voluntarily waived his right to appeal and the waiver does not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Reynolds acknowledged in the Plea Agreement and again at sentencing that his appeal waiver was knowing and voluntary. Booker did not render the plea involuntary or unintelligent. Reeves, 410 F.3d at 1035. Enforcing the waiver will not result in a miscarriage of justice as

---

[1]The result would be no different under the Mandatory Victim Restitution Act. See 18 U.S.C. § 3663A(a)(2). Therefore, we need not consider whether a § 844(e) offense is a "crime of violence" within the meaning of 18 U.S.C. § 3663A(c)(1)(A)(i).

Reynolds's sentence is within the statutory range authorized for the offense of conviction. See Andis, 333 F.3d at 892.

B. Reynolds further argues that the district court erred in imposing the § 2A6.1(b)(1) enhancement. This contention is not barred by his appeal waiver, which covered only the legality of the Guidelines and matters agreed to in the Plea Agreement. The district court found that "sufficient facts are admitted [in the Plea Agreement] to support the six-[level] enhancement." Reynolds argues that the "only possible basis" for the enhancement was the fire damage to Edmondson's property charged in Count III, which was dismissed, and no evidence was presented at sentencing or in the PSR proving that Reynolds was somehow involved in the fires.

In Paragraph 2 of the Plea Agreement, Reynolds admitted that he called Edmondson on November 16, 2003 and said, "I'm going to put you down," unless Edmondson paid money owed to Reynolds's mother within two weeks. Fifteen days later, Edmondson's property was destroyed by fire. The Missouri State Fire Marshal suspected arson, began a criminal investigation, and advised Edmondson to put a recording device on his telephone. The day after the fires, Reynolds called Edmondson and said in a recorded conversation, "give her what you owe her or you'll have nothing left," and "You got a week, bye." In applying this enhancement, the district court may consider "conduct that occurred prior to the offense [that is] substantially and directly connected to the offense, under the facts of the case taken as a whole," including multiple threats. U.S.S.G. § 2A6.1, comment. (n.1); see United States v. Bellrichard, 62 F.3d 1046, 1051 (8th Cir. 1995), cert. denied, 517 U.S. 1137 (1996). Even if multiple threats alone are not enough to support the six-level enhancement -- an issue we did not decide in United States v. Rose, 315 F.3d 956, 958 (8th Cir.), cert. denied, 538 U.S. 1067 (2003), and need not decide here -- the district court did not clearly err in finding that the facts admitted in the Plea Agreement reflected "conduct evidencing an intent to carry out" Reynolds's repeated threats within the meaning of U.S.S.G. § 2A6.1(b)(1).

The judgment of the district court is reversed in part and the case is remanded with directions to strike the $45,000 Total Restitution award from the Judgment in a Criminal Case dated December 1, 2004.

_____