# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1816
_____

United States of America

*Plaintiff - Appellee*

v.

Sheldon Tree Top

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: February 14, 2019
Filed: July 26, 2019
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

In 2014, Sheldon Tree Top sold a single bald eagle feather to a confidential informant for $50. A week later, he sold 63 eagle feathers and several hawk feathers to the same informant for $80. Based on these purchases, the government charged Tree Top with two counts of selling eagle feathers, in violation of the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668(a), and one count of knowingly transporting, selling, or receiving protected birds, in violation of the Lacey Act, 16

U.S.C. §§ 3372(a)(1) and 3373(d)(2).  Tree Top pleaded guilty to selling eagle feathers; the Lacey Act count was dismissed.  The district court sentenced him to six months of imprisonment and one year of supervised release.  It ordered, as a special condition of supervision, that Tree Top pay $5,000 in restitution to the National Fish and Wildlife Foundation.  On appeal, Tree Top challenges the restitution order.

Under 18 U.S.C. § 3583(d), a court may order restitution as a special condition of supervision in accordance with the Victim and Witness Protection Act, 18 U.S.C. § 3663, and the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.  See United States v. Bertucci, 794 F.3d 925, 929 n.6 (8th Cir. 2015); see also United States v. Batson, 608 F.3d 630, 634–36 (9th Cir. 2010).  These statutes, in turn, require that a restitution award be "limited to the victim's provable actual loss," which the government must prove by a preponderance of the evidence.  United States v. Adejumo, 848 F.3d 868, 870 (8th Cir. 2017) (quoting United States v. Chalupnik, 514 F.3d 748, 754 (8th Cir. 2008)).  We review the district court's order of restitution, like the imposition of any special condition of supervision, for abuse of discretion, reviewing legal questions de novo and factual findings for clear error.  See United States v. Wilkins, 909 F.3d 915, 918 (8th Cir. 2018); United States v. Fonder, 719 F.3d 960, 961 (8th Cir. 2013).

In settling on a loss amount of $5,000—an amount proposed by neither Tree Top nor the government—the district court cited Bertucci, where we held that the sentencing court erred in relying on an unreliable affidavit to determine the market value of the birds rather than a valuation table that had been adopted by the sentencing court "to establish the replacement values of various types of birds."  Bertucci, 794 F.3d at 928.  Following Bertucci's lead, the district court relied on its own standing order on "forfeiture of collateral in lieu of appearance on cases of petty offenses," which includes a "bond schedule" listing the value of a whole or mounted bald or golden eagle as "5K/10K."  Based on expert testimony that four of the feathers sold by Tree Top must have been harvested from a dead juvenile eagle and the

government's representation that the "5K" notation in the bond schedule was for a juvenile eagle, the district court found an actual loss amount of $5,000.

But unlike Bertucci, where the defendant pleaded guilty to killing a bald eagle and a rough-legged hawk, Tree Top was only convicted of selling eagle feathers. "[D]istrict courts may only order restitution for the offense to which the defendants have pled guilty, not for other charged or suspected conduct." United States v. Howard, 759 F.3d 886, 891 (8th Cir. 2014) (citing United States v. Reynolds, 432 F.3d 821, 823 (8th Cir. 2005), and relying on Hughey v. United States, 495 U.S. 411, 413 (1990)). As a result, based on the existing record, the actual loss caused by Tree Top's offense of conviction is limited to the amount of money that the government expended to buy the eagle feathers.[1]

As a result, we reverse the order of restitution and modify the judgment to decrease the restitution amount to $130.[2] Because the district court initially denied

---

[1]Tree Top argues that the district court also erred in ordering restitution paid to the National Fish and Wildlife Foundation because the Foundation is not a victim under the restitution statutes. Tree Top did not raise this argument before the district court, so we review for plain error. See United States v. Binkholder, 832 F.3d 923, 930 (8th Cir. 2016). We have "repeatedly affirmed restitution orders payable to various government agencies." United States v. Senty-Haugen, 449 F.3d 862, 865 (8th Cir. 2006). At sentencing, Tree Top conceded that the government was directly and proximately harmed by his sale of eagle feathers and therefore would be the proper recipient of the restitution award here. The government indicated that any restitution that it received would be routed to the Foundation. But even though the Foundation was established by federal law, it technically isn't a government agency. See 16 U.S.C. § 3701(a). Tree Top cites to no legal authority that makes the answer to this question—whether a foundation established by federal law can properly be awarded restitution—clear. As a result, any asserted error by the district court was not plain. See Henderson v. United States, 568 U.S. 266, 278 (2013).

[2]Tree Top concedes that $130 was the amount the government expended to purchase the 64 eagle feathers.

the government's request to impose a fine based on the sizeable restitution award, we remand for the limited purpose of giving the district court the opportunity to consider in the first instance whether, based on the existing record, a fine is warranted in light of the reduced restitution award.

_____