# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1405
_____

United States of America

*Plaintiff - Appellee*

v.

Dontay Lavarice Reese

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 24, 2020
Filed: October 1, 2020
[Unpublished]
_____

Before COLLOTON, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Dontay Lavarice Reese appeals after he pled guilty to kidnaping, pursuant to a plea agreement containing an appeal waiver. The district court[1] awarded restitution

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

to the Minnesota Crime Victims Reparations Board. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the propriety of the restitution order. This court concludes that Reese's argument falls outside the scope of the appeal waiver, but fails because the district court did not plainly err in awarding restitution to a third party, and did not clearly err in concluding that the requested amount was supported by a preponderance of the evidence. *See United States v. Sistrunk*, 432 F.3d 917, 918 (8th Cir. 2006) (appeal of restitution order was not barred by appeal waiver); *United States v. Carpenter*, 841 F.3d 1057, 1060 (8th Cir. 2016) (district court's decision to award restitution is reviewed for abuse of discretion, but any fact findings as to amount are reviewed for clear error); *United States v. Riebold*, 135 F.3d 1226, 1231 (8th Cir. 1998) (where defendant does not preserve challenge to restitution order below, review is for plain error); *see also United States v. Sheldon Tree Top*, 931 F.3d 720, 721 (8th Cir. 2019) (government must prove restitution amount based on preponderance of evidence)*; United States v. Charles*, 895 F.3d 560, 566 (8th Cir. 2018) (18 U.S.C. § 3664(j)(1) permits restitution awards to third parties, including government entities).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed. Counsel's motion to withdraw is granted.

_____