# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2393

_____

United States of America,

*Plaintiff - Appellee*,

v.

David Scott Ekman,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: November 14, 2022
Filed: November 29, 2022
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

David Ekman appeals the sentence the district court[1] imposed after he pleaded guilty to a child pornography offense. His counsel has moved to withdraw, and has

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence. Ekman has filed a pro se brief raising the same challenges.

We conclude that the district court did not clearly err in applying the vulnerable-victim enhancement, as the evidence presented at sentencing supported the court's finding that Ekman knew or should have known about the victim's vulnerabilities. *See* U.S.S.G. § 3A1.1(b), comment. (n.2). Nor did the court err in departing upward under U.S.S.G. § 5K2.3, as the evidence showed that Ekman was a mental health counselor who knew the victim had previously been sexually abused by family members, *see United States v. Rose*, 315 F.3d 956, 958 (8th Cir. 2003), and that his abuse caused the victim to restrict her activities and suffer significant mental health issues. *See United States v. White Twin*, 682 F.3d 773, 776 (8th Cir. 2012); *United States v. Pergola*, 930 F.2d 216, 219 (2d Cir. 1991).

Ekman's sentence was not unreasonable, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012); *United States v. Pickar*, 666 F.3d 1167, 1169 (8th Cir. 2012).

To the extent Ekman is also attempting to challenge his conviction, we conclude that he waived his right to do so. Eckman's statements at the plea hearing show that he entered into the plea agreement knowingly and voluntarily. *See United States v. Michelsen*, 141 F.3d 867, 871-72 (8th Cir. 1998); *cf. United States v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____