# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2609

_____

United States of America,

*Plaintiff - Appellee*,

v.

Harvey Allen Hugs,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 10, 2024
Filed: August 16, 2024

_____

Before COLLOTON, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

COLLOTON, Chief Judge.

A jury convicted Harvey Hugs of unlawfully selling eagle parts. *See* 16 U.S.C. § 668(a). The district court sentenced Hugs to 36 months' imprisonment, and ordered him to pay $70,000 in restitution. Hugs appeals the order of restitution. We vacate the judgment and remand with directions to modify the restitution order.

The prosecution arose after a confidential informant worked with the United States Fish and Wildlife Service to perform controlled purchases of eagle parts from Hugs between August and November 2020. In three different transactions, the informant paid Hugs $200, $400, and $1,000, respectively, for eagle feathers or eagle wings.

In March 2021, officers executed a search warrant at Hugs's residence. They seized eagle feathers and wings from inside and around the residence. They also seized eagle bone and a knife with eagle blood on it from Hugs's vehicle.

A grand jury charged Hugs, and the case proceeded to trial on three counts alleging violations of the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668(a). The jury found Hugs guilty on all three counts for selling eagle parts. The court sentenced him to 36 months' imprisonment and ordered him to pay $70,000 in restitution to the Fish and Wildlife Service.

Hugs argues that the district court erred in ordering restitution as a mandatory condition of supervised release. The court did not specify its basis for ordering restitution. At sentencing, the court ordered Hugs to "make mandatory restitution." Under the "mandatory conditions" section of the written judgment, the court ordered Hugs to "make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution."

Sections 3663 and 3663A do not authorize an order of restitution for a violation of 16 U.S.C. § 668(a). *United States v. Bertucci*, 794 F.3d 925, 929-30 (8th Cir. 2015). But "any other statute authorizing a sentence of restitution" includes 18 U.S.C. § 3583(d), and that provision allows the court to order restitution as a special condition of supervised release. *Id.* at 929 n.6; *see United States v. Tree Top*, 931 F.3d 720, 721 (8th Cir. 2019). Therefore, while the district court may have mischaracterized the condition of release as "mandatory" rather than "special," the court did have authority to enter an appropriate order of restitution.

Hugs also challenges the amount of the restitution order. The court ordered $70,000 to account for fourteen eagles valued at $5,000 each. Hugs argues that the restitution amount should be limited to $1,600 based on the amount that the government spent through the informant to purchase the eagle parts from Hugs. In *Tree Top*, we considered the appeal of a defendant who was convicted for selling eagle feathers but not for killing a bird. This court held that the actual loss caused by his offense of conviction did not include the value of an entire eagle from which the parts were taken, but was "limited to the amount of money that the government expended to buy the eagle feathers." 931 F.3d at 721.

The parties dispute whether Hugs waived this argument in the district court. The presentence report recommended restitution of $70,000 based on a standing order in the District of South Dakota that values a single juvenile golden or bald eagle at $5,000. Hugs did not file objections to the presentence report. At the sentencing hearing, however, defense counsel said, "I do note in paragraph 19 [of the presentence report] I think the amount of $70,000 is properly calculated. *Although Mr. Hugs was convicted of selling eagle feathers, and so I'm not sure that we have enough of a tie between that and 14 juvenile golden or bald eagles*." S. Tr. 11 (emphasis added). Later in the hearing, defense counsel cited this court's decision in *Tree Top*, and argued that the court "*can only impose restitution for what [Hugs*

*has] been convicted of, not what he's suspected for*, even what he was charged for which was dismissed." *Id.* at 30 (emphasis added).

We are persuaded on review of defense counsel's comments as a whole that Hugs did not waive his present objection to the restitution amount. Counsel's presentation to the district court did not constitute an intentional relinquishment of a known right. *See United States v. Olano*, 507 U.S. 725, 733 (1993). Perhaps the imprecise comments were inadequate to place the district court on proper notice of the argument now advanced; the claim of error may have been forfeited. But it would be odd to say that the defendant intentionally relinquished a claim that restitution must be limited to the amount expended to buy the feathers when his lawyer cited a decision of this court articulating that very limit and questioned whether there was "enough of a tie" between the offenses of conviction and fourteen eagles. In that context, counsel's reference to a "properly calculated" restitution amount of $70,000 may be understood merely as an acknowledgment of correct mathematics: fourteen eagles valued at $5,000 each would be worth $70,000. The ambiguous record does not establish a waiver.

Assuming for the sake of analysis that Hugs did not preserve his claim of error, he has met his burden under the plain-error standard to obtain relief. As in *Tree Top*, the district court plainly erred in its calculation of restitution. Hugs was convicted only of selling eagle parts, so the actual loss caused by his conviction is limited to the money that the government spent to buy the eagle parts. 931 F.3d at 721. Hugs was not convicted of killing birds, so the higher restitution amount based on the value of fourteen eagles is not justified. Hugs was prejudiced by this error because the amount of the restitution was $68,400 greater than authorized by law, and failure to correct the error would seriously affect the fairness of the proceedings. *See Olano*, 507 U.S. at 732.

For these reasons, we remand the case with directions. The judgment should be modified to eliminate the "mandatory condition" of supervised release regarding restitution but to include a special condition of supervision that Hugs must make restitution in accordance with 18 U.S.C. § 3583(d). The criminal monetary penalties section of the judgment should be modified to substitute a restitution amount of $1,600.

_____